**CITATION**
(LONG ARM LSA R.S. 13:3201 et seq.)

JASMINE GRAY IND BEH et al                23RD JUDICIAL DISTRICT COURT

VERSUS                                    PARISH OF ASCENSION

MCCOMB DIESEL INC et al                   STATE OF LOUISIANA


DOCKET NUMBER: 00134689A

TO:    **MCCOMB DIESEL, INC. THROUGH ITS REGISTERED
       AGENT FOR SERVICE OF PROCESS: RAY MONTALVO
       1120 NORTH CLARK ST
       MAGNOLIA, MS. 39652**

**YOU HAVE BEEN SUED.**

    Attached to this citation is a certified copy of the petition*.  The
petition tells you what you are being sued for.

    You must EITHER do what the petition asks in accordance with LAS R.S.
13:3201 et seq. OR you must file an answer or other legal pleading within
thirty (30) days in the office of the Clerk of this Court at the Courthouse
Building in Donaldsonville or Gonzales, Louisiana.

    If you do not do what the petition asks, or if you do not file an
answer or legal pleading, a judgment may be entered against you without
further notice.

This service was ordered by Attorney LOUP, DARRELL J and was
issued by the Clerk of Court on the 4TH day of AUGUST, 2022.

                          _____
                          Deputy Clerk of Court for
                          Bridget Hanna, Clerk of Court


*****************************************************************************
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
*****************************************************************************

EXHIBIT
1

0012

JASMINE GRAY,
INDIVIDUALLY AND ON
BEHALF OF HER MINOR CHILD,
JAI NEFF

RECEIVED AND FILED
BRIDGET HANNA
CLERK OF COURT
2022 AUG -4 P 2:27
Original Signed by:
Vera Jones
BY.
D.Y. CLERK & RECORDER
ASCENSION PARISH, LA.

SUIT NO. 134689 SEC.: A

23RD JUDICIAL DISTRICT COURT

VERSUS

MCCOMB DIESEL, INC., AND
BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC, ET AL.

PARISH OF ASCENSION

STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR DAMAGES**



NOW INTO COURT, through undersigned counsel, comes plaintiff,

Jasmine N. Gray individually and on behalf of on behalf of her minor child, Jai

Neff, with plaintiff being a competent, major resident of East Baton Rouge Parish,

State of Louisiana and with plaintiff respectfully representing as follows:

1.

Made defendants herein herein are:

a.   "John Doe," whose precise identity, residence and domicile are presently unknown and to be determined via discovery;

b.   McComb Diesel, Inc. ("MDI"), upon information and belief, a corporation incorporated in the State of Mississippi, but selling and servicing commercial vehicles and heavy equipment to and for the owners of which do business in the Parish of Ascension, State of Louisiana with said vehicles and equipment utilizing the highways and roadways of the Parish of Ascension, State of Louisiana;

c.   Bridgestone Americas Tire Operations, LLC ("Bridgestone"), upon information and belief, a limited liability company incorporated in a state other than Louisiana with the residence and domicile of its individual members presently unknown, and licensed to do and doing business in the State of Louisiana with its products sold and used within and throughout the State of Louisiana;

d.   "ABC Insurance Company," whose identity, state of incorporation and principal place of business are presently unknown and to be determined via discovery, which, upon information and belief, issued a policy of liability insurance to and/or pursuant to which John Doe and MDI are provided liability coverage for the claims made against them in this matter and also provides reimbursement for plaintiff's damages noted herein; and

e.    "DEF Insurance Company," whose identity, state of incorporation and principal place of business are presently unknown and to be determined via discovery, which, upon information and belief, issued a policy of liability insurance to and/or pursuant to which Bridgestone is provided liability coverage for the claims made against it in this matter and also provides reimbursement for plaintiff's damages noted herein.

2.

Defendants, John Doe, MDI, Bridgestone, ABC Insurance Company, and DEF Insurance Company (collectively, "Defendants") are justly and truly indebted and liable, individually, collectively and *in solido*, to plaintiff in amounts that are just and reasonable in the premises, with legal interest thereon, from the date of judicial demand until paid, and for all costs and expert witness fees pertinent to these proceedings, for the following, non-exclusive reasons.

3.

At all times pertinent herein and long prior to the accident at issue herein, plaintiff, Jasmine N. Gray, and decedent, John V. Gray, were married and living together as husband and wife.

4.

Jai Neff is the biological child of Jasmine N. Gray and decedent, John V. Gray, and who, at all times pertinent herein was living within the legal care and custody of her parents, Jasmine N. Gray and John V. Gray. At all times pertinent herein, Jasmine N. Gray, decedent, John V. Gray, and their minor child, Jai Neff, were living together as a happy family until the accident at issue herein at which time Jai Neff began living within the legal care and custody of Jasmine N. Gray only.

5.

On or about December 26, 2021, John V. Gray was the permissive operator of a 2021 Western Star Model 080000 truck, with attached 2020 Polar Tanker filled with molasses, travelling southbound on Louisiana Highway 1 just north of Donaldsonville, Louisiana and within Ascension Parish, Louisiana when, suddenly and without warning, the driver's side front tire of the truck deflated and

fragmented causing the truck to leave the highway and strike a tree, causing the tragic and painful suffering and death of John V. Gray ("The Accident").

6.

At the time of The Accident, John V. Gray was in the course and scope of his employment with White's Transport, Inc.

7.

On December 9, 2021, approximately 17 days before The Accident, John Doe performed maintenance services on the aforementioned truck, for which John Doe and MDI were paid, and with said services consisting of, among other things, inspecting all tires on the truck and rotating the front and rear drive tires.

8.

Notwithstanding John Doe's inspection and servicing of the aforementioned truck on December 9, 2021, including inspection and rotation of the tires, John Doe did not advise White's Transport, Inc., nor anyone else affiliated with the truck, that any tires should be replaced even though it was, or at the very least should have been, known to John Doe that the tire at issue was overly worn and should have been replaced and that John Doe's failure to replace said tire was likely to soon result in the failure of the tire thereby causing an accident such as The Accident.

9.

Accordingly, John Doe breached his duty of care to advise White's Transport that said tire needed to be replaced before the truck left MDI's premises on December 9, 2021 and the risk of The Accident occurring was within the scope of that duty.  Had John Doe performed his legal duty, The Accident would not have occurred and John V. Gray's tragic suffering and death would have been avoided.

10.

The Accident was caused by the fault and/or negligence of defendant, John Doe, said fault/negligence consisting of, but not being limited to the following:

    a.     Failing to properly service and inspect the truck and tires at issue;

    b.      Failing to notice the unreasonably dangerous condition of the tire at issue;

    c.      Failing to advise and/or insist that White's Transport, Inc. replace the tire at issue before allowing the truck at issue to leave MDI's premises;

    d.      Failing to replace the tire at issue before allowing the truck at issue to leave MDI's premises;

    e.      Careless and inattentive service and inspection of the truck and tires at issue; and

    f.      Any and all other acts and/or omissions learned during discovery and to be proven at the trial of this matter.

11.

At all times pertinent herein, John V. Gray was operating the truck at issue carefully and prudently and is without fault for The Accident.

12.

Upon and information and belief and to the extent discovery so indicates, John Doe was in the course and scope of his employment with MDI and/or was performing services for MDI at the time of the inspection and service that John Doe performed on the truck at issue, thereby rendering MDI vicariously and solidarily liable with John Doe to plaintiff, pursuant to Louisiana Civil Code article 2320 and applicable, pertinent jurisprudence.

13.

Upon and information and belief and to the extent discovery so indicates, The Accident was caused and/or contributed to by the independent fault and negligence of defendant, MDI, said fault/negligence consisting of, but not being limited to the following:

    a.    Failing to vet and/or negligently vetting, hiring, training, retaining and/or supervising John Doe;

    b.    Failing to properly service and inspect the truck and tires at issue;

    c.    Failing to notice the unreasonably dangerous condition of the tire at issue;

    d.    Failing to advise and/or insist that White's Transport, Inc. replace the tire at issue before allowing the truck at issue to leave MDI's premises;

e. Failing to replace the tire at issue before allowing the truck at issue to leave MDI's premises;

f. Careless and inattentive service and inspection of the truck and tires at issue; and

g. Any and all other acts and/or omissions learned during discovery and to be proven at the trial of this matter.

14.

An expert report prepared by Brian Darr, P.E., following The Accident, concluded that the tire at issue was produced by Bridgestone at is plant located in Warren, Tennessee during the 29th week of 2020 and that "The subject tire had areas with internal pattern marks present. The existence of pattern marks within the subject tire was a manufacturing defect and may have contributed to the tire failure. However, given the multiple punctures through the tread down to the internal belt package the pattern marks alone did not cause the tire failure."

15.

Accordingly, and alternatively, Bridgestone's fault/negligence contributed to (or, still in the alternative, caused) The Accident due to faulty manufacture and/or design of the tire at issue.

16.

Upon information and belief, at all times pertinent herein and specifically at the time of the aforementioned inspection and service work and at the time of The Accident, ABC Insurance Company had issued a policy of liability insurance to and/or pursuant to which John Doe and MDI are provided coverage for the claims made against them in this matter by plaintiff and that further renders ABC Insurance Company liable *in solido* with John Doe and MDI for all amounts owed to plaintiff as a result of her claims made herein individually and on behalf of her and John V. Gray's minor child, Jai Neff, all pursuant to Louisiana Revised Statute 22:1269.

17.

Upon information and belief, at all times pertinent herein and specifically at the time of the aforementioned inspection and service work and at the time of The Accident, DEF Insurance Company had issued a policy of liability insurance to and/or pursuant to which Bridgestone is provided coverage for the claims made against it in this matter by plaintiff and that further renders DEF Insurance Company liable *in solido* with Bridgestone for all amounts owed to plaintiff as a result of her claims made herein individually and on behalf of her and John V. Gray's minor child, Jai Neff, all pursuant to Louisiana Revised Statute 22:1269.

18.

The Accident directly and solely caused the tragic and painful death of John V. Gray. Accordingly, plaintiff, individually and on behalf of her and John V. Gray's minor child, Jai Neff, asserts a Survival Action against Defendants, each individually, to recover for the pain and suffering incurred by John V. Gray from the time of The Accident until the time of his tragic, untimely death, all in accordance with Louisiana Civil Code article 2315.1.

19.

The Accident directly and solely caused the tragic and painful death of John V. Gray. Accordingly, plaintiff, on behalf of her and John V. Gray's minor child, Jai Neff, asserts a Wrongful Death Action against Defendants, each individually, to recover for John V. Gray's tragic, untimely and wrongful death, all in accordance with Louisiana Civil Code article 2315.2.

20.

Plaintiff itemizes her individual and her and John V. Gray's minor child's, Jai Neff, respective damages, each individually, for which Defendants are liable, individually, collectively and *in solido*, as follows and to the extent to be proven at the trial of this matter:

    a.  John V. Gray's past medical expenses related to The Accident;

    b.  John V. Gray's past physical pain and suffering related to The Accident;

    c.  John V. Gray's past mental and emotional pain and suffering related to The Accident;

d.  John V. Gray's past loss of enjoyment of life related to The Accident;

e.  John V. Gray's past physical disability related to The Accident;

f.  John V. Gray's past and future lost wages related to The Accident;

g.  John V. Gray's past and future lost earning capacity related to The Accident;

h.  John V. Gray's loss of consortium with plaintiff, Jasmine N. Gray and their minor child, Jai Neff, each individually;

i.  Plaintiff's, Jasmine Neff, loss of consortium with her husband, John V. Gray;

j.  Jai Neff's loss of consortium with her father, John V. Gray;

k.  Damages owed pursuant to their respective Survival Action claims, all in accordance with and pursuant to Louisiana Revised Statute 2315.1;

l.  Damages owed pursuant to their respective Wrongful Death Action claims, all in accordance with and pursuant to Louisiana Revised Statute 2315.2;

m.  Funeral and burial expenses not already paid by White's Transport, Inc.; and

n.  Any and all other damages learned through discovery, provided by law and supported by the evidence.

WHEREFORE, plaintiff, Jasmine N. Gray, individually and on behalf of her minor child, Jai Neff, respectfully prays that each defendant named herein be served with citation and a certified copy of this Petition for Damages as requested below, and that Defendants be required to appear and answer same within the delays provided by law, and, after due proceedings shall have been had, there be judgment rendered herein in favor of plaintiff, Jasmine N. Gray, individually and on behalf of her minor child, Jai Neff, against Defendants, namely John Doe, McComb Diesel, Inc., Bridgestone Americas Tire Operations, LLC, ABC Insurance Company, and DEF Insurance Company, individually, collectively, and *in solido*, for all such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these

proceedings, and for all other general and equitable relief allowed by law.

Respectfully submitted:
LAW OFFICE OF DARRELL J. LOUP, LLC
9270 Siegen Lane, Suite 601
Baton Rouge, Louisiana  70810
Tel: (225) 615-7887
Fax: (225) 615-8297
Email: dloup@louplawoffice.com

By: _____
Darrell J. Loup, Bar No. 20926
*Counsel for plaintiff, Jasmine N. Gray,*
*individually and on behalf of her minor*
*child, Jai Neff*

A TRUE COPY  8/4/22
_____
Deputy Clerk & Recorder
ASCENSION PARISH

**CLERK:  PLEASE SERVE CITATION AND A CERTIFIED COPY OF THIS PETITION FOR DAMAGES UPON:**

1) John Doe – Please withhold service at this time

2) ABC Insurance Company – Please withhold service at this time

3) DEF Insurance Company – Please withhold service at this time


    **AND**


    **PLEASE PROVIDE CITATION AND A CERTIFIED COPY OF THIS PETITION FOR DAMAGES SO THAT SERVICE CAN BE MADE UPON THE FOLLOWING DEFENDANTS VIA THE LOUISIANA LONG ARM STATUTE (13:3201, *ET SEQ.*):**


1) **McComb Diesel, Inc.**

    Through its registered agent for service of process:

    **Ray Montalvo**
    **1120 North Clark St**
    **Magnolia, MS  39652**; and

2) **Bridgestone Americas Tire Operations, LLC**

    Through its registered agent for service of process:

    **United Agent Group Inc.**
    **205 Powell PL**
    **Brentwood, TN  37027-7522**