# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASMINE GRAY, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILD, JAI NEFF** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-626-BAJ-EWD** |
| **MCCOMB DIESEL, INC., ET AL.** | |

## RULING AND ORDER

Defendant McComb Diesel, Inc. removed this case to this Court on September 9, 2022 based on diversity subject matter jurisdiction under 28 U.S.C. 1332.[1] The Notice of Removal adequately alleges that, per the Petition, the amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff Jasmine N. Gray ("Gray"), individually and on behalf of the minor child Jai Neff ("Neff"), seeks damages arising out of the death of her husband, Decedent John V. Gray ("Decedent").[2] Gray and Neff are properly alleged to be Louisiana citizens and are completely diverse from Defendant McComb, which is incorporated and has its principal place of business in Mississippi, and from Defendant Bridgestone Americas Tire Operations, LLC ("BATO"), a limited liability company whose sole member, Bridgestone Americas, Inc., is incorporated in Nevada with its principal place of business in Tennessee.[3] Therefore, the requirements of 28 U.S.C. § 1332 are satisfied.

Before the Court are two motions, *to-wit*: the Motion to Join the Notice of Removal ("Motion to Join"), filed by BATO,[4] and the Motion to Intervene, filed by LUBA Casualty

---

[1] R. Doc. 1, ¶ 4.
[2] R. Doc. 1, ¶ 12 and R. Doc. 1-1, ¶¶ 3-5.
[3] R. Doc. 1, ¶¶ 6, 8. R. Doc. 4, ¶ 5. The citizenship of the fictitious defendants is disregarded. 28 U.S.C. § 1441(b).
[4] R. Doc. 4.

Insurance Company ("LUBA").[5] Both motions are unopposed and the time period under the Court's Local Civil Rules to file an opposition memorandum has passed.[6]

### A. Motion to Join Will Be Granted

The Motion to Join was filed on September 13, 2022, four days after removal.[7] In the Motion to Join, BATO seeks leave to consent to the Notice of Removal filed by McComb, contending that, at the time of removal, defense counsel were unacquainted, BATO intended to file its own Notice of Removal by its alleged deadline of September 14, 2022, and defense counsel conferred on September 12, 2022, at which point BATO learned that the case had already been removed.[8]

As no opposition memorandum was filed by October 3, 2022, the Motion to Join is considered unopposed. Additionally, any potential procedural defect in removal procedure, such as the required consent of all served defendants at the time of removal,[9] has been waived, as a motion to remand was not filed within thirty days of removal pursuant to 28 U.S.C. 1447(c).[10] Accordingly, the Motion to Join shall be granted.

---

[5] R. Doc. 10.
[6] Pursuant to Local Civil Rule 7(f), opposition memoranda are due twenty-one (21) days after a motion is filed.
[7] R. Docs. 1, 4.
[8] R. Doc. 4, pp. 1-2.
[9] 28 U.S.C. § 1446(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). It is unclear from the record when BATO was served and/or otherwise received a copy of the state court Petition, although BATO filed an answer in the state court the day before removal. R. Doc. 1-3.
[10] Thirty days from the filing of the Notice of Removal was Sunday, October 9, 2022, thereby requiring the filing of any motion to remand alleging procedural defects on or before October 10, 2022. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *See Ross v. City of Lancaster, Tex.,* No. 08-1156, 2008 WL 4062082, at *2 (N.D. Tex. Aug. 29, 2008) (holding that the failure of all defendants to join in the notice of removal rendered the removal defective but holding "…the defect is procedural. *See In re Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir. 1991) (holding that 'any defect in removal procedure' includes any non-jurisdictional defect that existed at the time of removal); *Johnson v. Helmerich & Payne, Inc.*., 892 F.2d 422, 423 (5th Cir. 1990) ('The failure of all the defendants to join in the removal [notice] is not a jurisdictional defect.'). When a defect in removal is procedural, it is waived unless a timely remand motion is made. *See* 28 U.S.C. § 1447(c). *In re Shell Oil Co.*, 932 F.2d at 1523. The defect in the City's notice of removal has been waived in this case because Ross did not file a motion to remand within 30 days of the July 8, 2008 notice of removal.").

### B. Motion to Intervene

LUBA is the worker's compensation carrier for White Transport, Inc., the employer of Decedent, who died in a motor vehicle accident while in the course and scope of his employment.[11] LUBA seeks leave to intervene pursuant to Fed. R. Civ. P. 24. LUBA claims that, under Louisiana Workers' Compensation Act ("LWCA"), it has paid and/or will become obligated to pay certain medical expenses, indemnity benefits, and/or death benefits to, or on behalf of, Plaintiffs and/or Decedent, incurred in connection with or as a result of the accident; it is subrogated to the rights of Plaintiffs against Defendants for the expenses and benefits paid to, or on behalf of, Plaintiffs and/or Decedent; it is entitled to recovery of any amounts paid by it at the time of judgment and is entitled to a credit against any future amounts that may become due after such judgment.[12]

As noted above, this Court's subject matter jurisdiction is premised on complete diversity between the parties, and LUBA would be aligned as a plaintiff. The proposed Complaint in Intervention was timely filed[13] and establishes that LUBA is a Louisiana corporation with its principal place of business in Louisiana, is properly aligned as a plaintiff, is completely diverse from McComb and BATO, and the amount in controversy is satisfied.[14] Further, LUBA certifies that the Motion is unopposed.[15] Review of the Motion to Intervene and the proposed Complaint in Intervention reflect that the factors set forth in Fed. R. Civ. P. 24(a)(2) are satisfied, as LUBA claims an interest in the property that is the subject of this action and is situated such that disposition of this matter in LUBA's absence will impair or impede LUBA's ability to protect its

---

[11] R. Doc. 1-1, ¶¶ 5-6 and R. Doc. 10, ¶¶ 3-4.
[12] R. Doc. 10, ¶¶ 5-6.
[13] The Motion to Intervene was filed within one month of removal, and a scheduling order has not yet been entered.
[14] R. Doc. 10-2, ¶ 1(a) and ¶ 2. *See Johnson v. Agility Fuel Sys., Inc.,* No. 20-733, 2021 WL 4693235, at *3 (M.D. La. Sept. 7, 2021), report and recommendation adopted, No. 20-733, 2021 WL 4694730 (M.D. La. Oct. 7, 2021) ("Given that BFI is seeking to recover workers' compensation payments paid to Plaintiff, it is proper to align BFI in this action with Plaintiff.") (citations omitted).
[15] R. Doc. 10, ¶ 12.

interest, which the existing parties will not adequately represent.[16] As such, the Motion to Intervene will be granted.

Accordingly,

**IT IS ORDERED** that the Motion to Join the Notice of Removal, filed by Defendant Bridgestone Tire Americas Operations, LLC,[17] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion to Intervene, filed by LUBA Casualty Insurance Company,[18] is **GRANTED.** The Clerk of Court is directed to docket LUBA's Complaint in Intervention[19] into the record.

Signed in Baton Rouge, Louisiana, October 17, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Docs. 10, 10-2. *See Fulford v. Climbtek, Inc.,* No. CV 16-16, 2016 WL 7173780, at *4 (M.D. La. Dec. 8, 2016) ("[T]he jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor" and thus, "[i]n light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right.") (internal citations omitted).
[17] R. Doc. 4.
[18] R. Doc. 10.
[19] R. Doc. 10-2.